UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:05-CV-00094-R

PAMELA LYNN LACER                                                           PLAINTIFF

v.

DEPUTY BRIAN M. PICKARD                                                     DEFENDANT

**OPINION AND ORDER**

Defendant moves to continue this matter until the end of a parallel criminal proceeding (DN 54). Plaintiff has responded in opposition (DN 55) and Defendant has replied (DN 60). This matter is now ripe for adjudication. For the reasons that follow, this motion is GRANTED.

On October 1, 2004, Defendant Brian M. Pickard, a deputy sheriff with the Taylor County Sheriff's Department, arrested Plaintiff Pamela Lacer. During the arrest, Pickard physically restrained and used pepper spray on Lacer. She was subsequently charged with criminal trespass in the third degree, resisting arrest, assault in the fourth degree, and disorderly conduct. On July 7, 2005, Lacer brought suit against Pickard, claiming that his actions constituted excessive force in violation of the Fourth Amendment and the state law torts of assault, battery and outrage.[1] In August of 2006, a criminal trial was held in the matter in the

---

[1] Although Lacer's complaint and motion for summary judgment have alluded to violations of her substantive due process rights under the Fourteenth Amendment, the Court does not consider them for this motion; her claims of excessive force should only be reviewed under the Fourth Amendment alone. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[*A*]*ll* claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." (emphasis in original)); *see also Henderson v. Reyda*, 192 F. App'x 392, 395 (6th

Taylor County District Court. The case ended in a mistrial when the jury was unable to reach a verdict on a number of the charges. Pickard asks that this matter be delayed indefinitely until another criminal trial is held.

"[T]he authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (1996). The instant request appears directly impacted by the complicated jurisprudence surrounding *Heck v. Humphrey*, 512 U.S. 447 (1994) and *Wallace v. Kato*, 549 U.S. 384 (2007). In *Heck*, the Supreme Court addressed when a civil-rights plaintiff under section 1983 could bring suit for "harm caused by [constitutional violations] whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486-87 (footnote omitted). The Court held that only where a plaintiff can show the conviction was reversed, expunged, declared invalid, or if the lawsuit would not hold the conviction invalid should a trial court permit a civil action to proceed. *Id*. In *Wallace*, the Supreme Court revisited *Heck* and refused to extend *Heck*'s bar to legal actions that "would impugn *an anticipated future conviction*." *Wallace*, 549 U.S. at 393 (emphasis in original). Instead, the Court offered the following guidance:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id*. at 393-94 (internal citations omitted).

---

Cir. 2006); 5 Am. Jur. 2d *Arrest* § 81 (2011).

Although *Wallace* does not bar all pre-conviction litigation under section 1983, district courts move cautiously in allowing civil litigation to continue in the face of state criminal proceedings. Many have agreed that "*Wallace* . . . stands for the principle that courts should refrain from considering alleged [section] 1983 claims where there are pending or potential state criminal proceedings and resolution of the constitutional tort claims would impugn the integrity of a possible future criminal conviction." *Kennedy v. City of Villa Hills*, 2008 WL 650341, No. 07-CV-122-B, at *5 (E.D. Ky. Mar. 6, 2008); *see Starks v. City of Waukegan*, No. 09-CV-348, 2010 WL 481290, at *4 (N.D. Ill. Feb. 4, 2010) (both staying a civil action under section 1983 where it would have impugned a parallel criminal proceeding and listing similar decisions in the Seventh Circuit); *Quinn v. Guerrero*, No. 4:09-CV-166, 2010 WL 412901, at *2 (E.D. Tex. Jan. 28, 2010) (staying section 1983 constitutional claims in the face of active criminal proceedings); *Jenkins v. Moyer*, No. 1:08-CV-00445, 2008 WL 2944606, at *4 (S.D. Ohio July 31, 2008) ("[C]ourts should refrain from considering section 1983 claims where there are pending or potential state criminal proceedings and resolution of the constitutional tort claims would impugn the integrity of a possible future criminal conviction."); *Watson v. Oldroyd*, No. 07-CV-3175, 2008 WL 687068, at *2 (D.N.J. Mar. 12, 2008) (choosing to stay civil action under section 1983 where it would have impugned parallel criminal proceedings).

The Sixth Circuit has recently addressed the impact of a criminal conviction for resisting arrest on a claim of excessive force. In *Schreiber v. Moe*, 596 F.3d 323 (6th Cir. 2010), the court described whether *Heck* barred a plaintiff's claim of excessive force where he had been convicted of resisting arrest under Michigan law. *Id.* at 332-35. Reversing the district court's grant of summary judgment, the court of appeals said that the constitutional claim did not

3

undermine the resisting arrest conviction because under Michigan law excessive force was not a defense to the charge. *Id.* at 334-35. It also offered the following advice to other courts confronted with similar scenarios:

> There are two circumstances, . . . in which an excessive-force claim might conflict with a conviction. The first is when the criminal provision makes the lack of excessive force an element of the crime. The second is when excessive force is an affirmative defense to the crime . . . . In both of these circumstances, the § 1983 suit seeks a determination of a fact that, if true, would have precluded the conviction.

*Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010). Such precedent parallels a number of other decisions handed down by the court of appeals. *See e.g.*, *Karttunen v. Clark*, 369 F. App'x 705 (6th Cir. 2010) (assault and battery torts would not undermine criminal conviction of resisting arrest conviction because excessive force was not an affirmative defense under Michigan law); *Cummings v. City of Akron*, 418 F.3d 676, 683-84 (6th Cir. 2005) (noting that since an excessive force claim was a defense to a criminal conviction to assault, the constitutional claim was barred by *Heck*).

This Court has also confronted a similar situation in the context of a post-conviction claim of excessive force. In *Lamar v. Beymer*, No. 5:02-CV-00289, 2005 WL 2464178 (W.D. Ky. Oct. 4, 2005), a plaintiff sought to proceed on a claim of excessive force even though he had entered a guilty plea on third degree assault. *Id.* at *1-3. After reviewing the requirements of *Heck* and *Cummings*, the Court ruled the action was barred because the plaintiff could have raised the defense of excessive force during a criminal trial for third degree assault, and therefore a potential verdict in his favor would undermine the conviction. *Id.* at *3.

Armed with this precedent, the Court concludes that a civil trial held in advance of Lacer's criminal matter would impugn its integrity. The commentary to Kentucky's resisting

arrest statute says that while generally "the unlawfulness of an arrest may not be raised as a defense to a prosecution under this section[,]" it is permitted "where the officer used more force than is reasonably necessary to affect the arrest so that his conduct constitutes an assault on the person arrested." KRS § 520.090 (1974 commentary). In addition, under certain circumstances self protection is a defense for assault in the fourth degree.[2] Judge William S. Cooper, Kentucky Instructions to Juries §§ 3.50-3.55 (4th ed. 1999). Ergo, if Lacer was to establish that Pickard was libel for excessive force, battery, or assault, it would undoubtedly impact the prosecution's success at the criminal trial. Though the elements of outrage do not precisely overlap with the criminal charges that Lacer faces, this tort would also impugn the criminal matter; it would be near impossible for a jury to find that Pickard's conduct was outrageous and intolerable without simultaneously believing that he used more force than was necessary to restrain Lacer. For that reason, the outrage claim is improper to proceed upon.

The Court shares in Lacer's frustration that her criminal matter is stalled in the Taylor County District Court. A motion to dismiss for failure to prosecute may spur the state into action. Notwithstanding these misgivings however, the prevailing legal precedent dictates that a stay is the appropriate form of relief at this time.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion (DN 54)

---

[2] While Lacer was originally charged with third degree assault, the charge was later amended to fourth degree assault at trial. DN 55-1 at 1. For that reason, the Court will assume that any other criminal trial will adopt the same approach. Furthermore, although a person may be convicted of fourth degree assault for recklessly causing injury with a deadly weapon, *see* KRS § 508.030(1)(b), there is no indication that Lacer was armed; therefore the Court does not address this section.

is GRANTED. This action is STAYED pending the resolution of the criminal matter in the Taylor County District Court. The stay will expire, and the case will be dismissed, one year from the entry of this order unless Plaintiff petitions the Court by that date for other action.