UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05-CV-00094

PAMELA LYNN LACER                                                                              Plaintiff

v.

DEPUTY BRIAN M. PICKARD                                                                 Defendant

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion to Vacate, (Docket No. 64), and Motion for Leave to Schedule Trial Date, (Docket No. 65). Defendant has responded in opposition. (Docket No. 67.) Plaintiff argues that the Court should vacate its prior order dismissing the case under Federal Rule of Civil Procedure 60(b)(1), because Plaintiff's delay was the result of excusable neglect, or alternatively under Rule 60(b)(6), because principles of equity and justice warrant dismissal due to the exceptional circumstances of this case. Because the Court finds sufficient grounds to vacate its previous Order under Rule 60(b)(1), it does not address Plaintiff's argument regarding Rule 60(b)(6).

BACKGROUND & DISCUSSION

On July 19, 2011, the Court entered an Order and Opinion granting Defendant's Motion to Continue and staying this action pending resolution of the Plaintiff's criminal matter in Taylor County District Court. (Docket No. 61.) That Order concluded: "The stay will expire, and the case will be dismissed, one year from entry of this order unless

Plaintiff petitions the Court by that date for other action." (Docket No. 61, at 6.) No further action was taken in this matter by either party, and, accordingly, on September 28, 2012, the Court entered an Order dismissing this case with prejudice. (Docket No. 62.)

Then on October 1, 2012, Plaintiff moved the Court, pursuant to Fed. R. Civ. P. 60(b), to vacate its September 28 order of dismissal and schedule this case for trial. (Docket Nos. 64 & 65.) Plaintiff argues that due to "excusable neglect, inadvertence, and the good faith actions of the Plaintiff's Counsel . . . the circumstances of this matter, along with justice and equity, demand that Ms. Lacer have the case decided on the merits." (Docket No. 64-1, at 1-2.)

There is a strong public policy favoring the finality of judgments and termination of litigation. *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). The factors to be considered under Rule 60(b) include "(1) Whether culpable conduct of the [movant] led to the default, (2) Whether the [movant] has a meritorious [claim], and (3) Whether the [nonmovant] will be prejudiced." *Waifersong*, 976 F.2d at 292. When a party seeks to avoid a final judgment under Rule 60(b)(1), the first factor "is framed in terms of 'mistake, inadvertence, surprise, or excusable neglect.'" *Id.* (quoting Fed. R. Civ. P. 60(b)(1)). A determination whether a party's neglect was excusable involves consideration of five factors: "(1) the danger of prejudice to the other party, (2) length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001). These factors should be applied liberally based on the "strong preference

for trial on the merits." *Marbly v. Dep't of Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001).

Plaintiff's Counsel argues that he acted in good faith because, due to major firm restructuring, he only recently began working on this case; only learned of the Court's July 19, 2011, Order within the last several days; and quickly began preparing a motion to set a trial date, but "[u]nfortunately, before Counsel could file that motion, the Order at issue was entered." (Docket No. 64-1, at 4.)  The Court has no reason to suspect Counsel acted to delay the proceeding either for some unlawful purpose or to gain some advantage.  The Court is also satisfied that the impact of Plaintiff's delay on judicial proceedings is, or will be, minimal.

Ultimately, the Court finds that the approximately two-month delay here was minimal, and there is no discernible prejudice to the Defendant based on this delay.  *See Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) ("[D]elay alone is not a sufficient basis for establishing prejudice.").  Nor does the Court find any indication that the delay "result[s] in tangible harm such as loss of evidence [or] increased difficulties of discovery." *Thompson v. Am. Home Assurance Co.*, 96 F.3d 429, 433-34 (6th Cir. 1996).  Here, discovery is complete, and this case is ready to proceed to trial.  The Court thus finds that, based on the aforementioned factors and strong preference for a trial on the merits, Plaintiff's minimal delay supports a finding of "excusable neglect."

The Court is further satisfied that Plaintiff has shown that her claims are meritorious. *See In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985) ("[T]he

test is not whether the [movant] will win at trial, but rather whether the facts alleged by the [movant] would constitute a meritorious [claim] if true."). Based on Plaintiff's Complaint, her allegations sufficiently meet this requirement.

## CONCLUSION

Therefore, having considered the parties' arguments and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate, (Docket No. 64), and Motion for Leave to Schedule Trial Date, (Docket No. 65), are GRANTED.

IT IS HEREBY FURTHER ORDERED that a telephonic scheduling conference in this matter is set for **November 16, 2012, at 9:00 a.m. CST**. The Court will place the call.

Date:

cc: Counsel