UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05-CV-00094-TBR

PAMELA LYNN LACER

v.

BRIAN M. PICKARD

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2014 APR 30 PH 3: 42

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proved her case against the Defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All the instructions are important, and you should consider them together as a whole.

The attorneys for the Plaintiff and the Defendant may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In deciding this case, you should consider it as a dispute between persons of equal standing in the community and holding the same or similar stations in life.

Another part of your job as jurors is to decide how credible or believable each

witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe and how much weight you think it deserves.

During the trial, certain testimony was presented to you by videotaped deposition. You should give this testimony the same weight and consideration you would give it had the witnesses appeared and testified here in court.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses who by education and experience have become experts in some art, science, profession, or calling may state their opinions as to relevant and material matters in which they profess to be an expert and may also state their reasons for the opinion. You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-note-aided memory are of equal significance. Jurors should not be

influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and on the verdict.

It is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

# INSTRUCTION NO. 1

## Brief Overview

Under the statute set forth at Title 42, Section 1983 of the United States Code, any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiff Pamela Lacer claims that Defendant Brian Pickard, acting under color of state law as an employee of the Taylor County Sheriff's Department, violated her Fourth Amendment rights. Specifically, Pamela Lacer claims that Brian Pickard violated her Fourth Amendment right to be free from excessive force. Brian Pickard denies violating Pamela Lacer's Fourth Amendment rights and claims that the amount of force used on Pamela Lacer was reasonably necessary under the circumstances.

# INSTRUCTION NO. 2

## Elements of a Section 1983 Action

In order to prevail on her Section 1983 claim against Defendant Brian Pickard, Plaintiff Pamela Lacer must prove each of the following elements by a preponderance of the evidence:

1. that the Defendant, as an employee of the Taylor County Sheriff's Department, acted under color of law;

2. that the Defendant intentionally performed acts that deprived the Plaintiff of particular rights under the Constitution of the United States as explained in Instruction No. 4; and

3. that the Defendant's acts were the legal cause of damages sustained by the Plaintiff.

You are instructed that Brian Pickard acted under color of law in this case. In other words, the first element above is satisfied. Therefore, you must only determine whether Pamela Lacer has proved all of the elements she is required to prove against Brian Pickard under Instruction No. 4.

# INSTRUCTION NO. 3

## Definition of "Preponderance of the Evidence"

The term "preponderance of the evidence" is used many times in these instructions and deserves some additional explanation. To establish by the "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared to that opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## INSTRUCTION NO. 4

### Excessive Force

Plaintiff Pamela Lacer has the burden of proving that Defendant Brian Pickard deprived her of particular rights under the United States Constitution.

Every person has a constitutional right not to be subjected to unreasonable or excessive force, even if the arrest is otherwise made in accordance with the law. A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to make a lawful arrest.

In this case, Pamela Lacer claims that Brian Pickard violated her rights under the Fourth Amendment by using excessive force in effecting her arrest. You must determine whether the amount of force used by Brian Pickard in effecting the arrest of Pamela Lacer was that which a reasonable officer would have used in effecting an arrest under similar circumstances. In making this determination, you should consider the amount of force used, the need for the application of force, and the relationship between that need and the amount of force used. You may also take into account such factors as the severity of the crime at issue, whether Pamela Lacer posed an immediate threat to the safety of Brian Pickard or others, and whether Pamela Lacer actively resisted arrest or attempted to evade arrest by flight.

The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments about the amount of force that is necessary in a particular situation. The reasonableness inquiry is an objective one and must be judged from the perspective of a reasonable officer on the scene rather than with hindsight. The question is whether Defendant Brian Pickard's actions were objectively reasonable in light

of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

In order to prove that Defendant Brian Pickard deprived Plaintiff Pamela Lacer of her Fourth Amendment rights, Pamela Lacer must prove, by a preponderance of the evidence, each of the following:

1. that Brian Pickard intentionally committed certain acts against Pamela Lacer;

2. that those acts violated Pamela Lacer's Fourth Amendment right not to be subjected to excessive force, because those acts were objectively unreasonable in light of the facts and circumstances at the time; and

3. that those acts were the legal cause of Pamela Lacer's damages.

If you decide that Plaintiff Pamela Lacer has proved each of these elements by a preponderance of the evidence, you must render a verdict in her favor. Do so by marking "YES" on Verdict Form No. 1. If you decide that Plaintiff Pamela Lacer has not proved each of these elements by a preponderance of the evidence, you must render a verdict in favor of Defendant Brian Pickard. Do so by marking "NO" on Verdict Form No. 1.

**If your answer is "YES" on Verdict Form No. 1, proceed to Instruction No. 5.**

**If your answer is "NO" on Verdict Form No. 1, then your verdict is complete. Please return to the courtroom.**

# INSTRUCTION NO. 5

## Compensatory and Nominal Damages

If you decided in favor of Plaintiff Pamela Lacer on Verdict Form No. 1, then you must determine the amount that is fair compensation for all of Pamela Lacer's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the damages that she has suffered. In this case, Pamela Lacer is seeking compensatory damages in an unspecified amount for her pain and suffering, both mental and physical, to date.

You may award compensatory damages only for injuries that the Plaintiff proved were proximately caused by the Defendant's wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of her damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You shall award damages only for those physical and emotional injuries that you find the Plaintiff has proved to have been the direct result of the conduct by the Defendant in violation of the United States Constitution. That is, you may not simply award actual damages for any physical or emotional distress suffered by the Plaintiff, but may award actual damages only for those physical, mental, and emotional injuries that are a direct

result of actions by Defendant and that are a direct result of conduct by Defendant that violated the Plaintiff's rights.

If you find for the Plaintiff, but find that the Plaintiff has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar. The mere fact that a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

Please note, you may not award both actual damages and nominal damages; you may award actual damages or nominal damages or neither. However, as will be discussed in Instruction No. 6, you may award punitive damages in addition to either actual or nominal damages.

Please enter the amount of your verdict for compensatory damages, if any, on Verdict Form No. 2.

**When you have completed Verdict Form No. 2, proceed to Instruction No. 6.**

# VERDICT FORM NO. 2

Do you find from a preponderance of the evidence that Plaintiff Pamela Lacer sustained damages, and that such damages were a direct and proximate result of acts by Defendant Brian Pickard?

YES _____  NO _____

_____  _____
Foreperson Signature  Date

If your answer above is "YES," state what amount you find, if any, below. If you find that Plaintiff's damages have no monetary value, you will set forth a nominal amount not to exceed $1.00.

| | |
|---|---|
| Physical and mental pain and suffering that Plaintiff has suffered to date | $_____ |
| Nominal Damages (not to exceed $1.00) | $_____ |

_____  _____
Foreperson Signature  Date

**Please proceed to Instruction No. 6.**

# INSTRUCTION NO. 6

## Punitive Damages

As previously stated, in addition to the damages discussed in Instruction No. 5, the law permits the jury under certain circumstances to award an injured person punitive damages in order to punish a defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff Pamela Lacer and against Defendant Brian Pickard, then, in addition to any other damages to which you find the Plaintiff entitled, you may, but are not required to, award the Plaintiff an additional amount as punitive damages if you find it is appropriate to punish or deter Defendant Brian Pickard and others from similar conduct in the future. Whether to award the Plaintiff punitive damages, and the amount of those damages, is within your sound discretion.

You may only award punitive damages if you find, by a preponderance of the evidence, that Defendant Brian Pickard acted maliciously or wantonly in violating Plaintiff Pamela Lacer's constitutionally protected rights.

A violation is "malicious" if it was prompted or accompanied by ill will, spite, or grudge toward the Plaintiff. A defendant acts maliciously when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure a plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused Pamela Lacer's injury does not by itself establish that Brian Pickard had a conscious desire to violate her rights or injure her unlawfully.

A violation is "wanton" if the person committing the violation recklessly or callously disregarded the Plaintiff's rights.

If you find that it is more likely than not that Defendant Brian Pickard acted maliciously or wantonly in violating Plaintiff Pamela Lacer's federal rights, then you may award punitive damages. However, an award of punitive damages is discretionary—that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

Again, you should consider the purposes of punitive damages in considering whether to award them and how much to award. The purposes of punitive damages are to punish the Defendant for a malicious or wanton violation of the Plaintiff's federal rights, or to deter the Defendant and others like him from doing similar things in the future, or both. You may also consider the nature of the Defendant's acts, the amount of harm actually caused, the reprehensibility of the Defendant's conduct, the impact of the Defendant's conduct on the Plaintiff, the relationship between the Plaintiff and the Defendant, the likelihood the Defendant would repeat the conduct if punitive damages were not awarded, and the Defendant's financial condition.

As mentioned in Instruction No. 5, punitive damages may be awarded even if you award the Plaintiff only nominal damages and do not award compensatory damages. However, punitive damages may not be awarded if you award the Plaintiff neither compensatory nor nominal damages.

Please enter the amount of your verdict for punitive damages, if any, on Verdict Form No. 3.

**When you have completed Verdict Form No. 3, your verdict is complete. Please return to the courtroom.**

# VERDICT FORM NO. 3

Do you believe from a preponderance of the evidence that Defendant Brian Pickard acted maliciously or wantonly to violate Plaintiff Pamela Lacer's constitutionally protected rights, as set forth in Instruction No. 6, so that punitive damages should be assessed against Brian Pickard?

YES _____     NO _____

_____     _____
Foreperson Signature                 Date

If your answer above is "YES," state what amount you find, if any, below.

Punitive damages     $_____

_____     _____
Foreperson Signature                 Date

**Your verdict is now complete. Please return to the courtroom.**